FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 OCT 25 PM 1: 24
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY HAMILTON,

    Plaintiff,

v.

WARDEN C. ROWE,
WASHINGTON CO. BD. OF COMM'RS,
DR. MULLENDIRE,
CAPT. MOORE,

    Defendants.

Civil Action No.: RDB-19-346

## MEMORANDUM OPINION

In response to Plaintiff Larry Hamilton's civil rights complaint, Defendants move to dismiss or for summary judgment based in part on their assertion that the complaint is barred by the doctrine of *res judicata*. ECF 12, *see also Hamilton v. Washington Co. Det. Ctr., et al.*, Civil Action RDB-18-2851 (D. Md. 2018) (hereinafter *Hamilton I*). Hamilton has filed three motions to appoint counsel (ECF 11, 19, 24); a Motion for Federal Administrative Building Inspector (ECF 10), eight pieces of correspondence (ECF 16-18, 21-23, 26, 27) and a supplemental complaint (ECF 25). For the reasons stated below the Court concludes this action is barred by the doctrine of *res judicata*, denies Hamilton's pending motions, and grants Defendants' motion, which is construed as a Motion to Dismiss.

### Complaint Allegations

Hamilton, a former detainee at Washington County Detention Center (WCDC), alleges that in "the shower area and other places throughout" the facility there is "excessive black mold spores." ECF 1 at 4. He adds that the mold is "mainly in the showers and ventilation areas." *Id.*

He claims that as a result of being exposed to the mold he suffers from eye irritation, persistent cold-like symptoms, difficulty breathing, and a skin rash. *Id.*

## Prior Litigation

In Civil Action RDB-18-2851 Hamilton sued WCDC, Captain Long, Warden Rose, Washington County Board of Commissioners, Washington County Sherriff's Department, Sherriff Doug Mullendore, and Meritus Medical Staff Correct Solutions. *Hamilton I* at ECF 1, ECF 4. The complaint concerned numerous allegations that Hamilton was denied medical care and claims that the conditions of his confinement were unconstitutional. One of the conditions he complained of related to the skin rash alleged in the instant complaint which he attributed to exposure to black mold. *Id.* at ECF 1, p. 6 ("I also been negligently subjected to taking showers in mold").

This Court granted Defendants' Motion for Summary Judgment,[1] which was unopposed by Hamilton, and with regard to the alleged denial of medical care observed that:

> The undisputed record establishes that Hamilton received adequate treatment for the medical complaints he presented to medical staff. To the extent he believed he was entitled to more than the treatment provided, his claim represents a disagreement with the treatment provided to him. Further, the complaint fails to establish that Hamilton suffered a cognizable injury due to the failure to provide him with the treatment of his choice. Hamilton has failed to attribute any deliberate failure to provide him with treatment for a serious medical need by the Defendants who have been served with the complaint, all of whom are correctional employees or municipal entities. The unserved medical care contractor is entitled to dismissal of the claims against it in light of the medical records establishing that Hamilton was provided adequate medical care.

*Hamilton I* at ECF 24, p. 11.

With regard to Hamilton's claim against Washington County Board of Commissioners and the Sherriff's Department, this Court concluded he had failed to state a claim for municipal liability.

---

[1] Hamilton did not appeal this Court's decision.

2

> In suing a municipal government and agency under 42 U.S.C. § 1983, Hamilton must prove two elements to succeed in this claim. First, he must establish the existence of a constitutional violation on the part of the police officers. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of police commission); *Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) (§ 1983 claim of inadequate training or supervision cannot be established without a finding of a constitutional violation on the part of the person being supervised); *see also Dawson v. Prince George's County*, 896 F. Supp. 537, 540 (D. Md. 1995). Second, Plaintiff must show that any constitutional violations were proximately caused by a policy, custom, or practice of the Defendants. *See Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 691, 694 (1978). Municipal policy arises from written ordinances, regulations, and statements of policy, *id.* at 690; decisions by municipal policymakers, *Pembaur v. Cincinnati*, 475 U.S. 469, 482-83 (1986); and omissions by policymakers that show a "deliberate indifference" to the rights of citizens. *See Canton v. Harris*, 489 U.S. 378, 388 (1989).
>
> Hamilton does not cite any injury he has sustained, nor has he described a constitutional violation that has occurred as a result of a policy, custom, or practice of either the Washington County Board of Commissioners or the Sherriff's Department. The claims against these Defendants must be dismissed.

*Hamilton I* at ECF 24, p. 10-11.

In Hamilton's correspondence he seemingly responds to the Motion to Dismiss or for Summary Judgment, stating that counsel is attempting to "railroad the plaintiff" through introduction of medical records that show the medication he was provided was given by nurses, not doctors. ECF 16 at 10. He claims it is "criminal conduct" to prescribe "medicines not holding records and other criminal activity by the medical staff as no doctor was present as prior misconduct of staff." *Id.* Hamilton focuses the content of this letter on the quality of medical care provided to him while at WCDC and mentions only once the issue of black mold. *Id.* at 11. He attempts to differentiate between his current claim of "black mold" and his former claim of "moldy water," stating they are not the same and Defendants are not entitled to summary judgment. *Id.* at 14.

3

Hamilton's subsequently filed correspondence[2] is just as indecipherable and disjointed. He reiterates his theories that the named Defendants are liable for damages due to their positions and connections with WCDC and restates his claim that he contracted an intractable rash because of the black mold in the bathrooms. ECF 17. He also implies that the instant complaint does not concern medical treatment, but raises a conditions of confinement claim, but repeatedly asserts that the medical care provided was inadequate because no doctors were provided. *Id.* at 11-12. In other correspondence Hamilton recites the First Amendment and states that since his complaint concerns "breathing hazard[ous] black mold" and the "Government" is "hiding the facts," summary judgment should not be granted in their favor. ECF 27 at 2 and 3.

## Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*,

---

[2] Correspondence received on September 4, 2019 (ECF 21) and on September 19, 2019 (ECF 26), is an attack on the veracity of his ex-wife's statement made in an application for statement of charges and concerns claims not relevant to the instant complaint. Hamilton has attempted to sue the State's Attorney, the domestic abuse advocates involved with assisting his ex-wife, and his ex-wife for alleged perjured testimony and claimed constitutional violations in connection with his criminal case. Those complaints have been dismissed as frivolous and Hamilton has accumulated three "strikes" under the Prisoner Litigation Reform Act. *See Hamilton v. Narron, et al.*, Civil Action RDB-18-3015 (D. Md. 2018) (Strike One); *Hamilton v. Merriweather, et al.*, Civil Action RDB-19-141 (D. Md. 2019) (Strike Two); and *Hamilton v. Hill, et al.*, Civil Action RDB-19-2927 (D. Md. 2019) (Strike Three).

4

534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

**Analysis**

Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997)). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986). In addition, "'[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Peugeot Motors of America, Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55.

Hamilton's 2018 complaint included a claim regarding his alleged exposure to black mold and a rash he claimed was caused by that mold. The named Defendants in the prior lawsuit are either the same parties or are in privity with one another; indeed, Hamilton's theories of liability in this complaint are identical to those asserted in his prior complaint. Liberal construction does not obligate this Court to ferret through Hamilton's pleadings searching for viable claims not subject to dismissal on an asserted affirmative defense. While Hamilton's complaint is far from an example of clarity, it is clear that the claim asserted is barred by *res judicata* and despite ample

opportunity to address that assertion by Defendants, Hamilton has failed to demonstrate that the claims raised were not addressed in prior litigation or that raising them was somehow not possible at the time his first complaint was filed. Defendants are entitled to dismissal of the complaint under Rule 12(b)(6).

When a complaint filed by a prisoner is dismissed in its entirety for failure to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). This dismissal marks the fourth such dismissal Hamilton has incurred in this Court. He is reminded that under 28 U.S.C. §1915(g) he will no longer be granted *in forma pauperis* status because he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

A separate Order follows.

OCTOBER 25, 2019
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

7